UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| DOKOVIC, INC. and | ) | |
| BOJAN DOKOVIC, | ) | |
| | ) | |
| Defendants. | ) | |

### VERIFIED COMPLAINT

NOW COMES Plaintiff PNC Bank, National Association ("PNC"), by and through counsel, and for its Verified Complaint against Dokovic, Inc. ("Dokovic"), and Bojan Dokovic (collectively the "Defendants"), states as follows:

### PARTIES

1. PNC Bis a national banking association with its main office located in Wilmington, Delaware.

2. Dokovic is an Illinois corporation with its principal place of business located at 5361 N. Delphia Avenue, Chicago, Illinois 60656.

3. Bojan Dokovic is a citizen of the State of Illinois who resides at 8557 W. Saint Joseph Avenue, Chicago, Illinois 60656.

4. Upon information and belief, Bojan Dokovic is not subject to the Servicemembers Civil Relief Act. See Declaration as to Military Service, attached hereto as Exhibit 1.

1

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) insomuch as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a substantial part of the events or omissions giving rise to PNC's claims occurred in this judicial district, and because the Defendants reside in this judicial district.

**FACTS COMMON TO ALL COUNTS**

7. On December 29, 2022, PNC, as lender, and Dokovic, as borrower, entered into Loan and Security Agreement No. xx2989 (the "Agreement") wherein PNC financed Dokovic's acquisition of one (1) 2023 Freightliner M2106 Truck, Vin No. 3ALACWD22PDUG1020 (the "Collateral"). A true and correct copy of the Agreement is attached hereto as Exhibit 2.

8. Pursuant to the Agreement, Dokovic agreed to make seventy-two (72) consecutive monthly installments of $2,431.00, plus applicable taxes. See Exhibit 2.

9. As set forth in the Agreement, Dokovic granted PNC a security interest in the Collateral. See Exhibit 2, ¶ 6.

10. PNC perfected its security interest in the Collateral. A true and correct copy of the title confirmation for the Collateral is attached hereto as Exhibit 3.

11. To induce PNC to enter into the Agreement, Bojan Dokovic executed a Personal Guaranty (the "Guaranty") wherein Bojan Dokovic guaranteed the full and prompt payment and performance of all of Dokovic's obligations to PNC. A true and correct copy of Guaranty is attached hereto as Exhibit 4.

12. Dokovic defaulted under the Agreement by failing to make the payment due October 1, 2024, and all payments due thereafter.

13. Bojan Dokovic failed to make payment as required pursuant to the Guaranty.

14. Upon the occurrence of default, PNC is entitled to payment of any and all amounts which may be then due and payable, plus all payments remaining through the end of the Agreement's term discounted at the rate of three percent (3%) per annum, which is $118,401.74 plus interest and other additional amounts payable under the Agreement. See Exhibit 2, ¶ 14.

15. PNC is further entitled to payment of late charges of $1,215.50. See Exhibit 2, ¶ 3.

16. PNC is also entitled to site visit and repossession fees of $500.00. See Exhibit 2, ¶ 14.

17. PNC is also entitled to prejudgment interest at the rate of eighteen percent (18%) per annum from the date of default, continuing to accrue until the date of judgment. See Exhibit 2, ¶ 20.

18. PNC is further entitled to attorneys' fees and costs. See Exhibit 2, ¶ 14.

19. Upon an event of default, PNC is also entitled to possession of the Collateral. See Exhibit 2, ¶ 15.

20. Dokovic has failed and refused to make payment due and owing under the Agreement despite demand.

21. Dokovic has failed and refused to return the Collateral despite demand.

## COUNT I
## BREACH OF CONTRACT AGAINST DOKOVIC, INC.

22. PNC repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. PNC has fully performed its obligations under the Agreement.

24. Dokovic defaulted under the Agreement by failing to make all necessary payments when due.

25. As a result of Dokovic's payment default under the Agreement PNC is entitled to payment of $118,401.74, plus late charges of $1,215.50, site visit fees and repossession fees of $500.00, prejudgment interest accruing at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs.

WHEREFORE, Plaintiff PNC Bank, National Association respectfully requests that this Court enter Judgment in its favor and against Dokovic, Inc. in the amount of $118,401.74, plus late charges of $1,215.50, site visit fees and repossession fees of $500.00, prejudgment interest accruing at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs, and grant such other and further relief which this Court deems just.

## COUNT II
## BREACH OF GUARANTY AGAINST BOJAN DOKOVIC

26. PNC repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Bojan Dokovic defaulted under the Guaranty by failing and refusing to make payment when due under the Agreement.

28. As a result of Bojan Dokovic's payment default under the Guaranty, PNC is entitled to payment in the amount of $118,401.74, plus late charges of $1,215.50, site visit fees and repossession fees of $500.00, prejudgment interest accruing at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs.

WHEREFORE, Plaintiff PNC Bank, National Association respectfully requests that this Court enter Judgment in its favor and against Bojan Dokovic in the amount of $118,401.74, plus late charges of $1,215.50, site visit fees and repossession fees of $500.00, prejudgment interest

accruing at the rate of 18% per annum from the date of default until entry of judgment, and attorneys' fees and costs, and grant such other and further relief which this Court deems just.

## COUNT III
## REPLEVIN AGAINST DOKOVIC, INC.

29. PNC repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. This Count is brought pursuant to 735 ILCS § 5/19-101, *et seq.*, made applicable to this proceeding pursuant to Federal Rule of Civil Procedure 64.

31. PNC has a first priority security interest in the Collateral: one (1) 2023 Freightliner M2106 Truck, Vin No. 3ALACWD22PDUG1020.

32. As a result of Dokovic's default under the Agreement, PNC is entitled to possession of the Collateral. See Exhibit 2, ¶15.

33. PNC has been unable to secure the Collateral by peaceful means.

34. Dokovic is wrongfully and unlawfully detaining the Collateral from PNC.

35. The Collateral has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of such plaintiff, or against him or her individually, nor seized under any lawful process against the goods and chattels of such plaintiff subject to such lawful process, nor held by virtue of an order of replevin against such a plaintiff.

36. PNC has made demand upon Dokovic for the return of the Collateral but Dokovic has failed and refused to return same.

37. PNC will suffer irreparable damages if the Collateral is not returned to PNC.

38. PNC estimates the value of the Collateral at $100,000.00, depending on market and condition.

39. Upon information and belief, the Collateral is located at 5361 N. Delphia Avenue, Chicago, Illinois 60658.

WHEREFORE, Plaintiff PNC Bank, National Association respectfully requests that this Court entered an Order directing the U.S. Marshal, or any other designated officer, to use all necessary force to repossess the Collateral, or any portion thereof from Dokovic, Inc. at 5361 N. Delphia Avenue, Chicago, Illinois 60656, or wherever iy may be found, and enter a judgment against Dokovic, Inc. for the value of any portion(s) of the Collateral not so returned, plus attorneys' fees and costs, as well as all other and further relief which this Court deems just.

## COUNT IV
## DETINUE AGAINST DOKOVIC, INC.

40. PNC repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

41. The Collateral is in Dokovic's possession and control.

42. PNC is entitled to possession of the Collateral due to the payment default under the Agreement. See Exhibit 1, ¶15.

43. Dokovic is wrongfully retaining possession of the Collateral, because Dokovic defaulted under the terms of the Agreement by failing to make timely payments when due, and Dokovic has failed to surrender the Collateral despite demand.

WHEREFORE, Plaintiff PNC Bank, National Association respectfully requests that this Court entered an Order compelling Dokovic, Inc. to surrender the Collateral to PNC at a place and time directed by PNC within fourteen (14) days of this Court's entry of judgment.

PNC BANK, NATIONAL ASSOCIATION,

By: /s/ C. Randall Woolley
C. Randall Woolley
Darcy & Devassy PC
444 N. Michigan Ave, Suite 3270
Chicago, IL 60611
Tel: (312) 784-2400
Fax; (312) 784-2410
rwoolley@darcydevassy.com

6

## VERIFICATION BY CERTIFICATION

    Under penalties as provided by law, the undersigned certifies that the statements set forth in the Verified Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certified as aforesaid that he verily believes the same to be true.

    Declared under penalty of perjury this __3__ day of __JUNE__, 2025.

_____
Michael McGinley
Vice President - Litigation and Recovery
PNC Bank, National Association